# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF TEXAS

# HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

JAN 0 3 2017

David J. Bradley, Clerk of Court

IVAN CANO

*PLAINTIFF/PETITIONER*

**V.**                                        CASE NO.

**MICHAEL WILLIAMS, INDIVIDUALLY, AND AS**

**CHIEF OF POLICE FOR THE CITY OF WALLER.**

**JOHN DOE 1 AND 2**

*DEFENDANT/RESPONDENTS*

REQUEST FOR JURY TRIAL

**COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS**

## I   JURISDICTION and VENUE

1)  This action is brought pursuant to 42 U.S.C. § 1983, 1985 and
1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to

the Constitution of the United States.

2) Plaintiff evokes the pendent jurisdiction of this Honorable Court pursuant to Title 28 U.S.C. § 1331, 1343 and 1367.

3) Venue is appropriate in this district pursuant to 28 U.S.C § 1391 because the event(s) that gave rise to this complaint occurred within the judicial boundaries of this court.

## II PARTIES

4) Plaintiff/Petitioner IVAN CANO, (hereafter "Plaintiff") has lived in Hempstead, Texas and was working in the City of Waller at the time of the incident.

5) Defendant, Chief of Police, Michael Williams, of the City Of Waller, and other unknown officers (hereinafter "Doe") at all times relevant to the facts herein this complaint was a police officer acting in such capacity as the agent, servant, and employees, employed by Defendant: City of Waller and is being sued in his individual and official capacity.

6) Defendant, City of Waller (hereinafter "City") being sued as a person, is a municipal corporation operating within the State of Texas that is; directly or indirectly responsible for employing, training, supervising, compensating and enriching or rewarding defendant officers for his actions against plaintiff.

## III FACTS

7) All events depicted herein occurred on the day of December

13th, 2016, unless otherwise stated.

8) Plaintiff was at work for his employer, Hempstead Homes
LLC, the work was in response to a Contract Hempstead Homes
LLC won on November 23, 2016, to dig a retention pond and build
a parking lot. The Waller Times Newspaper published that
Hempstead Homes LLC won the bid at City Counsel meeting
November 28, 2016. (**EXHIBIT 1**)

9) Plaintiff was working on December 12, 2016 when the Public
Works Director, Gene Schmidt, arrived and asked to speak with
the owner. Another employee got the owner on the phone, who
talked with Mr. Gene. Mr. Gene ordered us to stop excavation
work until the owner spoke with the Mayor.

10) Plaintiff was at work throughout the day cleaning and hosing
down the streets which was part of the contract.

11). Plaintiff returned to work where the excavation was taking
place and operating a bull dozer, when Chief Williams ordered that
Plaintiff turn off the Bull Dozer, leave the Bull Dozer where it
was, alleged that Plaintiff and others were trespassing and
threatened to arrest Plaintiff and others. The incident was video
taped by another employee while the police were given orders and
demands.

Chief Williams personally escorted myself and others and told us
to wait outside the fence, as the fence was locked with all the
equipment and personal belongings inside the fenced area.

Upon waiting outside the fenced area Chief Williams returned,
with other officers (names unknown) at which time Plaintiff and
others, were harassed and threatened with arrest and intimidation

tactics, if Plaintiff, and others did not leave the premises.

12) At no time did Chief Williams attempt to identify the contract being worked on, The Waller Times newspaper even identified Chief Williams presence at the city council meeting where Hempstead Homes LLC won the contract. (**EXHIBIT 2**)

13) Plaintiff contacted his employer regarding the incident. The employer's Attorneys requested any and all information, evidence, calls, calls for service logs, dispatch records, police communications, phone records, reports, statements, dash cams, body cams and any evidence involved in the police involvement. (**EXHIBIT 3**)

14) Plaintiffs' received that no police records existed, even though the whole incident was video taped. (**EXHIBIT 4**)

15) Defendants have hid the entire incident, failed to preserve evidence, failed to record incidents, tampered with evidence and documents.

16) Defendants are **not entitled to qualified immunity** because they have failed to show they were working on City business at the time, **as records do not exist,** and further has personally harassed, intimidated and used the power of the **badge** to stop Plaintiff's livelihood and instilled fear in Plaintiff for future retaliation.

17) Defendant is the Chief of Police and has the Official Duty to maintain any and all records in the course of business.

The Chief of Police has failed the public's trust and the duty appointed to him and has entered into a conspiracy, with others, to hide evidence which becomes questionable for any and all arrests

under his tenure.

18) Plaintiff repeatedly complied with the Chief's requests only to be intimidated by the police with future arrests.

19) Doe(s) drives a police vehicle(s) for the City and was issued a badge from the City and engaged in the conspiracy to either: 1. intimidate, harass ; 2. cover up the official records.

20) Plaintiff was threatened with arrest, search, and imprison absent a verified complaint.

21) Defendants knew or should have known with respect to his duties and clearly established law; plaintiff had a right to be secure in his person against unreasonable searches and seizures, intimidation, harassment, threats or official abuse of authority.

22) Defendants knew or should have known his duties required him to investigate plaintiff and bring Plaintiff before an immediate neutral judge or magistrate without unnecessary delay for a probable cause hearing.

23) Defendant knew or should have known with respect to his duties and clearly established law; that an arrest or search or order to stop could only arise from a warrant or exigent circumstances.

24) Defendants knew or should have known his actions caused plaintiff injuries from his objectively unreasonable intimidation and threat of force and threat of arrest.

25) City knew or should have known with respect to its duties, its officers' duties, and clearly established law, Defendant harassed, threatened arrest and imprisoned of plaintiff absent warrant or

bona fide criminal process.

26) City, as a policy or custom failed to properly train, supervise, control, correct the abuse of authority, or discourage the unlawful use of authority of its officers. The failure to properly train Defendants included to instruct him in applicable provisions of the U.S. Constitution on seizing, arresting, searching and imprisoning, threatening, harassing, intimidation tactics against a person or persons without warrants or bona fide criminal process.

27) City, as a policy or custom approves or ratifies unconstitutional acts of its officers, depriving a person or persons of procedural due process rights.

28) Plaintiff had a reasonable expectation City's officers wouldn't arrest, search, nor imprison, threaten, intimidate, harass, his person absent warrant, exigent circumstances, probable cause hearing, or verified complaint because that would violate clearly established law.

29) At ALL times relevant herein defendants where acting under color of state law.

30) Defendants and City at all times relevant herein, acted in bad faith, deliberately indifferent, wantonly, recklessly, maliciously, and willfully, with the intent of injuring and oppressing plaintiff, by the reason of which plaintiff is entitled to all relief in plaintiff's prayer.

## IV FEDERAL CAUSES OF ACTION

31) All allegations in paragraphs 1 through 30 are incorporated

herein by reference.

32) The herein described actions, engaged in under color of state authority by Defendants and City, including City sued as a person, responsible because of its policy or custom and approval or ratification thereof for the acts of its police officers depriving plaintiff of rights secured to him by the U. S. Constitution, include, but not limited to, plaintiff's Fourth Amendment right to be secure in his person against unreasonable searches and seizures, and plaintiff's Fourteenth Amendment liberty rights and right to due process.

33) Plaintiff's Fourth Amendment, as it applies to the states thorough the Fourteenth Amendment right to be secure in his person against unreasonable searches and seizures was violated upon being coerced from his employment on a bull dozer, willfully and needlessly and upon his person being harassed, intimidated, threatened with arrested and searched

without even a scintilla of justification therefore under the guise of being threatened with arrested which was objectively unreasonable and contrary to clearly established law. Thus, Doe was trespasser ab initio for his deliberate wanton disregard of his duties, law, and defrauding plaintiff of his Due Process rights. This action resulted directly and only from a use of force of Doe and/or abuse of authority on plaintiff that was clearly excessive to the need, and City's prima facie deliberate indifference to its duties, law, and plaintiff's right(s) which is objectively unreasonable. Plaintiff also claims upon defendant Doe trespass on his person and violations of clearly established law he was subjected to threats of false arrest and imprisonment and assault and battery to his person without cause or bona fide criminal process. As a direct and proximate result of defendants' actions jointly and severally against plaintiff whereby violating clearly established law, plaintiff has suffered injuries to his person.

34) Plaintiff's Fourteenth Amendment right(s) to locomotion, to be free from false arrest, false imprisonment, harassment, threats and intimidations, assault and battery, and due process was deprived absent procedural due process by Doe verbal threats to seizing, searching, arresting and imprisoning plaintiff's person without cause or bona fide criminal process and denying plaintiff's right to be taken before an immediate neutral judge or magistrate on said day of this incident then threatening depositing plaintiff into the County Jail to be booked absent verified complaint. As a direct and proximate result of defendants' actions jointly and severally against plaintiff whereby violating clearly established law, plaintiff has suffered injuries to his person.

35) Defendants and City, sued as a person maintains a policy or custom that subjects a person or persons to deprivations of procedural due process rights under color of state law. Plaintiff's injuries resulted directly from (1) City's said policy or custom; (2) Defendants objectively unreasonable use of force through verbal means of harassment, intimidation, threats whereby effectuating said policy or custom on plaintiff. Despite City's awareness that persons taken into custody are being deprived of proper procedural due process rights and are threatened, harassed and intimidated, City willfully ignored it duties, and law, thereby displaying an official policy or custom, which was deliberately indifferent to the constitutional rights of persons who its officers come into contact with, and was the moving force behind plaintiff's fears and future injuries.

Thus, City is liable under 42 U.S.C. 1983 and 1985. As a direct and proximate result of defendants' wanton and reckless disregard and deliberate indifference to their and its duties, plaintiff's rights, and clearly established law jointly and severally, plaintiff has suffered injuries to his person.

.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully demands "IN   THE   INTEREST   OF
JUSTICE"   judgment against defendants who acted, objectively
unreasonable, deliberately indifferent and wantonly in violating clearly
established law and plaintiff's rights with reckless disregard for
plaintiff's reasonable expectations of those rights jointly and severally as
follows (1) $5,000,000.00 in compensatory damages for all plaintiff's
injuries sustained against defendants; such as, false arrest fears, fear of
police, false imprisonment, assault and battery, and violations of his
Fourth and Fourteenth Amendments (2) $100,000.00 in punitive
damages to deter and to make an example of defendant Doe, all cost and
disbursements of this action, all attorneys' fees pursuant to 42 U.S.C. §
1988, the right to amend this complaint by further evidence and fact
finding, declaratory judgment that (a) actions of defendant officer on
said night herein constituted an unlawful arrest, search, imprisonment,
and assault and battery of plaintiffs' person in violation of U.S.
Constitution Fourth Amendment, Fourteenth Amendment's Due Process
Clause, and 42 U.S.C § 1983and 1985; and that (b) defendant City is
liable under 42 U.S.C § 1983 and 1985 for its deliberate indifference to
its duties, its inhabitants rights, and clearly established law by
deliberately failing to properly train and supervise its officers in
mandatory due process requirements, and deter its officers from
unlawful conduct relating thereto. Injunctive relief to prevent City's
police officers from arresting, searching or imprisoning plaintiff
hereafter absent bona fide criminal process unless plaintiff commits a
felony or breach of the peace, and any other relief this court deems

proper.

Respectfully Submitted,

Ivan Cano

Ivan Cano

Pro Se


## VERIFICATION

I, Ivan Cano, plaintiff in the attached form for damages do affirm the facts & allegations within the attached complaint hereto to be TRUE & CORRECT to the very best of my knowledge & belief.

Ivan Cano

Plaintiff, Pro se

Ivan Cano
444 13th Street Hempstead, Tx 77485

Sworn this ____3rd.____ day of January 3, 2017



# EXHIBIT
# 1



from manufacturing, wholesale trade, and oil- and gas-related sales tax receipts."

Total sales tax revenue for the three months ending in November 2016 was down by 2.2 percent compared with the same

million, up 2.3 percent from November 2015, and
• oil and natural gas production taxes — $253.5 million, up 2.5 percent from November 2
Note: Yea
tax reven
the first 2

# EXHIBIT
# 2

# EXHIBIT
# 3

# Asafi Law Firm
## P.O. Box 460082
## Houston, TX 77056

Date of incident: **December 12-14, 2016**

Report file case number:_____

Injured/deceased/incident: **Waller Civic Center on Waller st**

Custodian of records: **City of Waller and City of Waller Police Depart**

We represent the family (wife, husband, children, parents) of the injured or deceased or company involved _____.

We request the following:

_xx_____ **certified police reports including dispatch records include calls-logs-records-communications for dispatch and all police communication, calls, officer communications, video body cams, or recording devices, from Chief Williams vehicle and any and all phone communications (cell- city provide or private), call logs, including but not limited to any and all officers involved with the alleged trespassing at the Waller Civic Center and water facility for the above dates regarding any equipment or employees/contractors for Hempstead Homes LLC(Detailed reports including any and all photos diagrams or secondary reports) Any and all reports and/or statements from Chief Williams whether telephonically or in writing or provided to others in The City of Waller employees or officials.**

___XX_____ **Any and all 911 calls**

__XX_____ **Any and all emergency services ambulance or fire department records including detailed reports AND PHOTOS ***PLEASE INCLUDE AFFIDAVIT FOR THESE RECORDS***

_____Any and all OSHA reports citations and complete detailed reports

_____Any and all NTSB report findings and detailed reports

_____Any and all autopsies and reports related to cause of death

_____Any and all Department of Transportation reports and detailed reports

_____Any and all MSHA reports citations and detailed reports.

Please include any and all photographs for any of the above reports what format they will be in-if on disc how many disc.

Please contact me an email  asafilawfirm@gmail.com  or call 713-384-1797  for the cost of these reports.

Your assistance and time is greatly appreciated.
Sincerely,
J.A. Asafi
Asafi Law firm

From: **al** alasafilaw@gmail.com
Subject: CERTIFIED RECORDS REQUEST- Rush Requested
Date: December 14, 2016 at 5:10 PM
To: cward@wallertexas.com

CITY OF WALLER

A request for records is being provided for The City of Waller and The Police Department.

Please notify me of the cost for the above records and a courier will drop off payment and pick up the records.

Sincerely,

Jay Asafi
Asafi Law Firm
713-384-1797

Please consider the environment before printing this electronic communication.

CONFIDENTIALITY NOTICE: The information contained in this electronic communication is confidential in accordance with the Electronic Communication Privacy Act, 18 U.S.C. §§ 2510-2521. It may also be subject to the attorney-client privilege or be privileged work product or proprietary information. This electronic communication is intended for the exclusive use of the addressee(s). If you are not the intended recipient, you are hereby notified that any use, disclosure, dissemination, distribution (other than to the addressee(s)), copying or taking of any action because of this electronic communication is strictly prohibited. If this electronic communication has been sent to you in error, please reply to the sender that you have received this electronic communication in error, then delete this electronic communication without dissemination of any kind.



# EXHIBIT
# 4



OLSON&OLSON LLP
ATTORNEYS AT LAW

December 20, 2016

J.A. Asafi, Requestor                **VIA E-MAIL: ASAFILAWFIRM@GMAIL.COM**

    RE:   Public Information Request December 14, 2016
           Requestor: **J. A. Asafi**
           Ref: COW16-014

Dear Mr. Asafi:

    The City of Waller is in receipt of your public information request dated December 14, 2016. There no documents responsive to this request.

                     Very truly yours,
                     **OLSON & OLSON, L.L.P.**

                     Akilah Mance

AM/jn
W/Encl.

cc:
    Paula Alexander              **VIA E-MAIL**
    City Attorney

    Cynthia Ward                **VIA E-MAIL**
    City Secretary

Wortham Tower, Suite 600 | 2727 Allen Parkway | Houston, Texas 77019-2133
Telephone (713) 533-3800 Facsimile (713) 533-3888
www.olsonllp.com